# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DOMO, INC.,<br>    Plaintiff,<br><br>v.<br><br>GRUNT STYLE, LLC DBA<br>GRUNT STYLE<br>    Defendant. | CASE NO. 26-940<br><br><br>**Removed from Bexar County–<br>288th District Court,<br>Cause No. 2026CI00562** |

## DEFENDANT GRUNT STYLE, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Grunt Style, LLC gives notice of removal of this action from the Bexar County–288th District Court to the United States District Court for the Western District of Texas based on diversity of citizenship. Pursuant to 28 U.S.C. § 1446(a), Defendant provides the following statement of grounds for removal.

**I. Procedural History and Plaintiff's Allegations**

Plaintiff Domo, Inc. appears to have filed its Original Petition in Bexar County–228th District Court on January 9, 2026. Docket Sheet, *Domo Inc. v. Grunt Style LLC*, Cause No. 2026CI00562 (Bexar County–288th District Court) (printed Feb. 11, 2026 10:44 AM) (**Exhibit 1**).

Defendant Grunt Style, LLC received notice on January 14, 2026. Citation, *Domo Inc. v. Grunt Style, LLC*, Cause No. 2026CI00562 (Bexar County–288th District Court) (Jan. 14, 2026) (**Exhibit 2**) at 1; *see also* **Exhibit 1** ("01/14/2026 Citation").

Plaintiff is seeking, *inter alia*, a judgment for $330,513.84. Pl's Original Petition, *Domo Inc. v. Grunt Style LLC*, Cause No. 2026CI00562 (Jan. 3, 2026) (Bexar County–288th District

1

Court) (**Exhibit 3**) at ¶ 12 ("WHEREFORE, Plaintiff prays that…Plaintiff be granted judgment for **$330,513.84** as the principal amount due on this account.").

## II. Basis for Removal-Diversity Jurisdiction

### A. Citizenship of Plaintiff Domo, Inc.—Utah

Plaintiff Domo, Inc. is a citizen of Utah. For purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1).

Plaintiff Domo, Inc. states in Section 1.17 of the Domo Software as a Service Agreement that it is a "Utah corporation." https://www.domo.com/company/service-terms (last accessed Feb. 9, 2026) (**Exhibit 4**)

In addition, according to the State of Utah's records, Domo, Inc. is a domestic Utah corporation having Entity No. 1301469-0142. https://businessregistration.utah.gov/EntitySearch/BusinessInformation (last accessed Feb. 9, 2026) (**Exhibit 5**). Accordingly, Domo, Inc. appears to be a Utah corporation.

A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). It is the "corporation's 'nerve center,' [a]nd in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings…." *Id.* at 93.

Plaintiff's headquarters are in Utah. The affidavit in support of Plaintiff's petition was signed in Utah. **Exhibit 3** at 5 (of PDF). Plaintiff's address is listed in several documents

attached to Plaintiff's petition as being located in American Fork, Utah. **Exhibit 3** at 6–10 and 14 (of PDF). And, Plaintiff provided an American Fork, Utah address to the State of Utah as its physical address and the listed principals are in American Fork, Utah. **Exhibit 5** at 2–3.

### B. Citizenship of Defendant Grunt Style, LLC

As set forth in greater detail below, for purposes of diversity jurisdiction, Defendant Grunt Style, LLC has members that are citizens of Arizona, California, Delaware, District of Columbia, Florida, Illinois, Kansas, Massachusetts, Minnesota, Missouri, Nevada, North Carolina, Ohio, Texas, Virginia, and Washington. On information and belief, after a reasonable search, Defendant Grunt Style, LLC has no members that can be considered citizens of Utah.

Defendant Grunt Style, LLC is a limited liability company ("LLC"). For purposes of diversity jurisdiction, the citizenship of an LLC "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Here, Defendant Grunt Style, LLC is an LLC with its principal place of business in San Antonio, Texas. Similarly, the citizenship of a partnership is determined by the citizenship of all its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Corfield v. Dallas Glen Hills, L.P.*, 355 F.3d 853, 856 n.3 (5th Cir. 2003).

There are nine members of Grunt Style, LLC—one limited partnership (C3 Capital Partners III, L.P.) and eight individuals.

#### 1. Individual Members of Grunt Style, LLC (CA, CN, IL, FL, KS, TX)

The eight individuals are citizens of California (2), Connecticut, Illinois, Florida, Kansas, Texas (2).[1]

---

[1] Numbers in parentheses represent the number of individuals/entities that are citizens of that State.

2. **C3 Capital Partners III, L.P**
   **(AZ, CA, DE, DC, FL, IL, KS, MA, MN, MO, NV, NC, OH, TX, VA, WA)**

C3 Capital Partners III, LP is a member of Grunt Style, LLC. C3 Capital Partners III, LP has partners that are citizens of Arizona, California, Delaware, District of Columbia, Florida, Illinois, Kansas, Massachusetts, Minnesota, Missouri, Nevada, North Carolina, Ohio, Texas, Virginia, and Washington. On information and belief after a reasonable search, C3 Capital Partners III, L.P. has no partners in Utah.

There are sixty-eight partners in the limited partnership. The general partner of C3 Capital Partners III, L.P is C3 Partners III, LLC. The remaining 72 limited partners are a collection of individuals, traditional trusts, corporations, and unincorporated associations (LLCs, and LPs).

   a. **C3 Partners III, LLC**
      **(AZ, KS, MO)**

General Partner C3 Partners III, LLC has nine members—three traditional trusts and six individuals. The members have citizenship in Arizona, Kansas (6), and Missouri (2).

Citizenship of a traditional trusts is determined by the citizenship of the trustee. *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383–84 (2016); *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 464–65 (1980). On information and belief, the individuals are citizens of Arizona, Kansas (4), and Missouri. On information and belief, the trustees are citizens of Kansas (2) and Missouri.

   b. **Limited Partners of C3 Capital Partners III, L.P.**
      **(AZ, CA, DE, DC, FL, IL, KS, MA, MN, MO, NV, NC, OH, TX, VA, WA)**

There are 72 limited partners of C3 Capital Partners III, L.P.—24 individuals (some together as joint owners of the interest), 23 trusts, 3 corporations, 2 national associations

pursuant to 28 U.S.C. § 1348, and 20 unincorporated associations (LLCs and LPs). On information and belief after a reasonable search, the citizenship of these entities includes: Arizona, California, Delaware, District of Columbia, Florida, Illinois, Kansas, Massachusetts, Minnesota, Missouri, Nevada, North Carolina, Ohio, Texas, Virginia, and Washington.

### i. Individuals (24)

Twenty-four individuals are limited partners of C3 Capital Partners III, L.P. On information and belief after a reasonable search, those individuals are citizens of Arizona (4), Florida (2), Illinois, Kansas (3), Massachusetts, Missouri (6), North Carolina, Texas (3), Virginia, and Washington (2).

### ii. Traditional Trusts (23)

Twenty-three traditional trusts are limited partners of C3 Capital Partners III, L.P. On information and belief after a reasonable search, the twenty-three trustees are citizens of Arizona (3), California, District of Columbia, Florida, Kansas (11), Missouri (4), Nevada, and Texas.

### iii. Corporations (3)

Three corporations are limited partners of C3 Capital Partners III, L.P. The three corporations are citizens of Arizona, Delaware, Kansas, and Missouri.[2]

### iv. National Associations (2)

Two National Associations under 28 U.S.C. § 1348 are limited partners of C3 Capital Partners III, L.P. Citizenship of a national banking association ("NA") under 28 U.S.C. § 1348 is where the bank's main office is located as set forth in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). The two Section 1348 national banking associations are citizens of Illinois and Ohio.

---

[2] One corporation is a Delaware corporation with its principal place of business in Missouri.

v. **Unincorporated Associations (20)**

Twenty unincorporated associations (LLPs and LPs) are limited partners of C3 Capital Partners III, L.P. On information and belief after a reasonable search, the twenty unincorporated associations have members/partners that are citizens of Arizona, Florida, Illinois, Kansas, Minnesota, and Missouri.

On information and belief after a reasonable search for the members/partners of the twenty unincorporated associations

1. two members are Arizona corporations that also have their principal place of business in Arizona;
2. fourteen members are individuals that are citizens of Florida (2), Illinois, Kansas (7), Minnesota (3), and Missouri (3); and
3. seventeen members/partners are trusts where the trustees are citizens of Florida (3), Kansas (13), and Missouri.

C. **The Amount in Controversy Exceeds $75,000**

In their Petition, Plaintiff specifically alleges that the amount in controversy exceeds $250,000. **Exhibit 3** at ¶ 3 ("*Amount in Controversy*. Plaintiff seeks from Defendant only monetary relief of $250,000 or more, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.") Plaintiff also ask that it be "granted a judgment for $330,513.84 as the principal amount due on this account." *Id*. at ¶ 12.

Accordingly, the amount in controversy exceeds $75,000 and this Court has jurisdiction over this matter. 28 U.S.C. § 1332(a).

D. **The Notice of Removal is Timely**

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed with the Court within

thirty (30) days after "receipt by defendant, through service or otherwise, of a copy of the initial pleading." Here, Defendant first received a copy of the Original Petition on January 14, 2026. This Notice of Removal is due February 13, 2026. This Notice of Removal is thus timely.

### III. Exhibits

Pursuant to 28 U.S.C. § 1446, the following exhibits are attached and incorporated herein:

**Exhibit 1**  Docket Sheet, *Domo Inc. v. Grunt Style LLC*, Cause No. 2026CI00562 (Bexar County–288th District Court, Feb. 11, 2026)

**Exhibit 2**  Citation, *Domo Inc. v. Grunt Style, LLC*, Cause No. 2026CI00562 (Bexar County–288th District Court, Jan. 14, 2026)

**Exhibit 3**  Pl's Original Petition, *Domo Inc. v. Grunt Style LLC*, Cause No. 2026CI00562 (Bexar County–288th District Court, Jan. 3, 2026) and Exhibit "A"

**Exhibit 4**  https://www.domo.com/company/service-terms (printed Feb. 9, 2026)

**Exhibit 5**  https://businessregistration.utah.gov/EntitySearch/BusinessInformation (printed Feb. 9, 2026)

**Exhibit 6**  Defendant's Fed. R. Civ. P. 7.1 Corporate Disclosure Statement

**Exhibit 7**  Civil Cover Sheet (JS-44)

**Exhibit 8**  Supplement to JS-44 Civil Cover Sheet

To Defendant's knowledge, **Exhibit 2** and **Exhibit 3** are the only pleadings in *Domo Inc. v. Grunt Style, LLC*, Cause No. 2026CI00562 (Bexar County–288th District Court).

### IV. Conclusion

For the foregoing reasons, Defendant removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

February 12, 2026         Respectfully submitted,

                                        GRUNT STYLE, LLC DBA
                                      GRUNT STYLE

                            BY:*/s/Matthew De Preter*
                                  Matthew De Preter
                                  cdepreter@agdglaw.com
                                  ARONBERG GOLDGEHN DAVIS & GARMISA
                                  225 W. Washington St. Suite 2800
                                  Chicago, IL 60606
                                  *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on February 11, 2026, a true and correct copy of **DEFENDANT'S NOTICE OF REMOVAL including Exhibits 1–8** was filed with the Court through the PACER – CM/ECF system. Copies of the same have been emailed to counsel of record for Plaintiff Domo, Inc. in the State Court Action:

    Kristen D. Huff
    Barnett & Garcia
    3821 Juniper Trace, Suite 108
    Austin, Texas 78738
    kristen@barnettgarcia.com

A separate Certificate of Service pursuant to 28 U.S.C. § 1446(d) will be filed on the docket once the file stamped copies are provided and sent to the State Court.

                                      :*/s/Matthew De Preter*

                                      One of the Attorneys for Plaintiff